IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AY W. L., ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commissioner of Social Security,[1] ) <br> ) <br> **Defendant.** ) | No. 20 C 1611 <br><br> Magistrate Judge Finnegan |

## ORDER

Plaintiff Ay W. L. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and Plaintiff filed a brief explaining why the Commissioner's decision should be reversed or the case remanded. The Commissioner responded with a competing brief in support of affirming the ALJ's decision. After careful review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

## BACKGROUND

Plaintiff filed for DIB on August 31, 2016, alleging disability since January 10, 2012 due to headaches and dizziness, pain and arthritis, diabetes, blood pressure, cholesterol, inability to see well in both eyes, chest pain, depression, anxiety and nightmares, and memory loss and forgetfulness. (R. 185-86, 214). Plaintiff subsequently amended the

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. She is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

1

alleged onset date to April 5, 2014. (R. 37, 203). Born in April 1964, Plaintiff was 50 years old at the time of the amended onset date making her a person closely approaching advanced age (age 50-54). 20 C.F.R. § 404.1563(d). She was born in Cambodia, has no formal education, speaks very limited English, and lives with her husband. (R. 48, 50-51, 215). From January 1985 to June 2012, Plaintiff worked in a factory as a machine feeder/off-bearer. (R. 215). She stopped working in 2012 due to her conditions. (R. 52, 215).

The Social Security Administration denied Plaintiff's application initially on January 9, 2017, and again upon reconsideration on August 3, 2017. (R. 79-111). She filed a timely request for a hearing and appeared before administrative law judge Lee Lewin (the "ALJ") on October 25, 2018. (R. 32). The ALJ heard testimony from Plaintiff, who was represented by counsel and testified through a Cambodian interpreter, as well as from vocational expert James J. Radke (the "VE"). (R. 34-77, 267-68). On January 18, 2019, the ALJ found that Plaintiff's depression, anxiety, post-traumatic stress disorder, diabetes mellitus, and neuropathy are severe impairments, but that they do not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 17-20).

After reviewing the medical and testimonial evidence, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work with occasional climbing of ladders, ropes, or scaffolds, and no concentrated exposure to hazards, including dangerous moving machinery and unprotected heights. Plaintiff can understand, remember, and carry out simple verbal or demonstrated instructions for simple, routine, repetitive tasks with sufficient concentration, persistence, or pace to timely and appropriately complete such tasks. She can have occasional contact with

2

coworkers, supervisors, and the general public, and adapt to simple, routine workplace changes, but she cannot perform problem-solving tasks with the general public or engage in continuous work with the general public. (R. 20-25). The ALJ accepted the VE's testimony that a person with Plaintiff's background and this RFC can perform her past relevant factory work, and so found Plaintiff not disabled. (R. 25-26). The Appeals Council denied Plaintiff's request for review on January 10, 2020. (R. 1-5). That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. §§ 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, Plaintiff argues that the ALJ: (1) erred in giving little weight to the opinion from her treating psychiatrist, Manjit Sandhu, M.D.; (2) did not adequately account for her moderate limitations in concentration, persistence or pace in making the RFC determination and in posing hypothetical questions to the VE; and (3) improperly concluded that her factory work constituted substantial gainful activity. As discussed below, this Court finds that the case must be remanded for further consideration of Plaintiff's past relevant work.

## DISCUSSION

### A.     Standard of Review

Judicial review of the Commissioner's final decision is authorized by section 405(g) of the Social Security Act (the "SSA"). *See* 42 U.S.C. § 405(g). In reviewing this decision, the Court may not engage in its own analysis of whether Plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart,* 362 F.3d 995, 1001 (7th Cir. 2004) (internal citation omitted). Nor may it "displace the ALJ's judgment by

3

reconsidering facts or evidence or making credibility determinations." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The court "will reverse an ALJ's determination only when it is not supported by substantial evidence, meaning 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pepper v. Colvin*, 712 F.3d 351, 361-62 (7th Cir. 2013) (quoting *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011)).

In making this determination, the court must "look to whether the ALJ built an 'accurate and logical bridge' from the evidence to [his] conclusion that the claimant is not disabled." *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)). The ALJ need not, however, "'provide a complete written evaluation of every piece of testimony and evidence.'" *Pepper*, 712 F.3d at 362 (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted)). Where the Commissioner's decision "'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

B.  **Five-Step Inquiry**

To recover DIB under the SSA, a claimant must establish that she is disabled within the meaning of the Act. *Snedden v. Colvin*, No. 14 C 9038, 2016 WL 792301, at *6 (N.D. Ill. Feb. 29, 2016). A person is disabled if she is unable to perform "any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Crawford v.*

*Astrue*, 633 F.Supp.2d 618, 630 (N.D. Ill. 2009). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform her past relevant work; and (5) whether the claimant is capable of performing any work in the national economy." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (citing 20 C.F.R. § 404.1520). If the claimant meets his burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Moore v. Astrue*, 851 F. Supp. 2d 1131, 1139-40 (N.D. Ill. 2012).

**C.   Analysis**

    **1.   Past Relevant Work**

Plaintiff argues that the case must be reversed or remanded because the ALJ erred in finding her not disabled at step four of the sequential analysis. At step four, an ALJ considers whether a claimant is capable of performing any "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv) and (f). Past employment qualifies as past relevant work for purposes of step four if: (1) the claimant performed it within the previous 15 years; (2) it amounts to substantial gainful activity ("SGA"); and (3) it lasted long enough for the claimant "to learn to do it." *Wiggins v. Colvin*, No. 12 C 9384, 2015 WL 2398478, at *5 (N.D. Ill. May 18, 2015) (quoting 20 C.F.R. § 404.1560(b)(1)). SGA means work that involves "significant and productive physical or mental duties" and is done "for pay or profit." 20 C.F.R. § 404.1510; *Ronald B. v. Saul*, No. 18 C 5881, 2019 WL 3778070, at *6 (N.D. Ill. Aug. 12, 2019). "Whether employment amounts to substantial gainful activity

turns in part on whether the claimant's average monthly earnings exceed the SSA's [Social Security Administration's] SGA Earnings Guidelines." *Wiggins*, 2015 WL 2398478, at *7 (citing 20 C.F.R. § 404.1574(b); SSR 83–35, 1983 WL 31257, at *1 (1983)). *See also Wyatt v. Astrue*, No. 09 C 5768, 2011 WL 2149414, at *10 (N.D. Ill. June 1, 2011) ("[E]vidence of earnings over a certain level creates a presumption of SGA."). Where, as here, a claimant's work was "continuous without significant change in work patterns or earnings" and "there has been no change in the substantial gainful activity earnings levels," the ALJ must "average [the] earnings over the entire period of work requiring evaluation." 20 C.F.R. § 1574a(a). *See also Kwiatkowski v. Astrue*, No. 10 C 6322, 2012 WL 1378653, at *3 (N.D. Ill. Apr. 20, 2012).

From 2003 through 2017, Plaintiff worked in a factory as a machine feeder/off-bearer. (R. 192, 196-98). There is no dispute that according to the government's own records, Plaintiff did not make sufficient monthly earnings to demonstrate that she worked at the SGA level in any of those years. (R. 199; Doc. 21-1). Plaintiff argues that in such circumstances, the ALJ improperly concluded that her factory job constituted past relevant work, and so erred in finding her not disabled at step four of the sequential analysis. (Doc. 21, at 10-12; Doc. 27, at 1-4).

The Commissioner disagrees, explaining that Plaintiff herself stated in a Work History Report and in a Disability Report for the agency that from January 1985 to June 2012 she earned $10/hour working 8 hours per day 5 days per week at the factory job. (R. 206-07, 215). The Commissioner notes that the ALJ cited both reports in finding that the job amounted to SGA (R. 25), and insists that such self-reported earnings suffice to establish that the employment qualifies as past relevant work. In support of this position,

6

the Commissioner relies on *Howard v. Colvin*, No. 13-CV-624-JDP, 2015 WL 631340 (W.D. Wis. Feb. 12, 2015). There, the plaintiff's wage records were not included in the administrative record so "there was no way for the ALJ to verify whether she earned above" the minimum required to create a presumption of SGA. *Id*. at *3. The court declined to hold, "as a matter of law, that an ALJ must have a claimant's earnings in the record before concluding that her past work was 'gainful.'" *Id*. at *4. Instead, the court explained that "[t]he regulations do not require that gainful activity be determined *only* by means of monthly earnings." *Id*. (emphasis in original). In the court's view, the plaintiff had not explained "why it was unreasonable for the ALJ to infer that she performed her job as a data entry clerk at substantially gainful levels when she held the position for two years" and the job involved "entering information on escrow and titles, completing title searches, filing and copying, [and] contacting attorenys [sic] to certify information." *Id*. at *3, 4. Nevertheless, the court remanded the case because the ALJ failed to address the three elements of past relevant work or cite to record evidence supporting his conclusion. *Id*.

Unlike in *Howard*, the ALJ had access to Plaintiff's earnings records, and those records created a rebuttable presumption that her factory work was *not* SGA. *Janet R. v. Saul*, No. 19 C 562, 2021 WL 1379487, at *7 (N.D. Ill. Apr. 12, 2021) (citing *Copland v. Colvin*, 771 F.3d 920, 927 (7th Cir. 2014)) ("[A] rebutt[able] presumption that work was not SGA arises where the claimant's earnings are below the monthly minimum."). The ALJ ignored those records, did not question Plaintiff about her earnings during the hearing, and offered no explanation as to why Plaintiff's self-reports alone rebutted the presumption that the work was not SGA. This is particularly concerning given that Plaintiff

7

speaks and understands English on a very limited basis. Notably, even where earnings exceed the minimum threshold, the income guidelines "do not relieve an ALJ of the duty to develop the record fully and fairly." *Purvis v. Berryhill*, No. 15 C 11580, 2017 WL 1022014, at *10 (N.D. Ill. Mar. 16, 2017) (quoting *Dugan v. Sullivan*, 957 F.2d 1384, 1390 (7th Cir. 1992)). Viewing this record as a whole, the ALJ did not adequately explain why Plaintiff's factory job qualified as SGA even though her earnings fell below the minimum amount set forth in the SGA Earnings Guidelines. The case must be remanded for further consideration of this issue.

### 2. Remaining Arguments

The Court does not find any specific error with respect to Plaintiff's remaining arguments, but the ALJ should take the opportunity on remand to reassess the weight given to Dr. Sandhu's opinion and ensure that a medical expert properly translated Plaintiff's moderate limitations in concentration, persistence, or pace into an appropriate RFC.

### CONCLUSION

For reasons stated above, Plaintiff's request to remand the case is granted. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

ENTER:

Dated: August 4, 2022

*[signature: Sheila Finnegan]*
SHEILA FINNEGAN
United States Magistrate Judge

8